**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION**

MARLON WESLEY MCNEILL,

Petitioner,

v. Case No. 4:26-cv-377-AW-MJF

STATE OF FLORIDA,

Respondent.
___________________________________/

## REPORT AND RECOMMENDATION

Because Petitioner failed to comply with a court order and failed to pay the filing fee, the District Court should dismiss this action without prejudice.

### BACKGROUND

On August 4, 2026, Petitioner commenced this civil action without paying the filing fee or moving for leave to proceed *in forma pauperis*. Doc. 1.

Because Petitioner had not paid the filing fee or moved for leave to proceed *in forma pauperis*, on September 4, 2026, the undersigned ordered Petitioner to show cause why the case should not be dismissed. Doc. 5. Additionally, the undersigned ordered Petitioner to pay the $5.00

fee or file a properly completed motion for leave to proceed *in forma pauperis*. *Id.* The undersigned imposed a compliance deadline of September 21, 2026, and warned Petitioner that the failure to comply likely would result in dismissal. *Id.*

On September 14, 2026, Petitioner filed a motion for leave to proceed *in forma pauperis*. Doc. 9. He also filed a motion for leave to proceed *in forma pauperis* on September 24, 2026. Doc. 11. Petitioner failed to include with his motions a certified copy of his inmate trust fund account statement for the six-month period immediately preceding the commencement of this civil action.[1] Consequently, the undersigned denied the motions. Doc. 14.

Petitioner has not paid the requisite $5.00 and has not submitted a properly-completed motion for leave to proceed *in forma pauperis*.

---

[1] Petitioner filed at least two other cases, and in those cases, Petitioner submitted a certified copy of his inmate trust account statement along with his motion to proceed *in forma pauperis*. *See McNeill v. Dixon*, No. 4:25-cv-454-TKW/MJF (N.D. Fla.); *McNeill v. Patronis*, No. 4:26-cv-427-MW-MJF (N.D. Fla.). Petitioner, therefore, certainly knew of this requirement. Indeed, the *in forma pauperis* statute clearly states that a prisoner seeking to proceed *in forma pauperis* "shall submit a certified copy of the trust fund account statement . . . ." 28 U.S.C. § 1915(a)(2); *see also* Doc. 9 at 2 (instructing Petitioner to "Attach Inmate Bank Account Printouts to this Motion").

## DISCUSSION

"The clerk of each district court shall require the parties instituting any civil action . . . to pay a filing fee" and may collect administrative fees. 28 U.S.C. § 1914; *see* N.D. Fla. Loc. R. 5.3. A district court may dismiss a civil action where a plaintiff fails to pay the filing fee. *Wilson v. Sargent*, 313 F.3d 1315, 1320–21 (11th Cir. 2002).

Federal courts also "possess an inherent power to dismiss a complaint for failure to comply with a court order." *Foudy v. Indian River Cnty. Sheriff's Off.*, 845 F.3d 1117, 1126 (11th Cir. 2017) (citations omitted); N.D. Fla. Loc. R. 41.1.

Petitioner has failed to comply with a court order and has failed to pay the filing fee or submit a properly completed motion to proceed *in forma pauperis*. Petitioner has offered no excuse for his failures and, consequently, has not shown good cause. Accordingly, dismissal of this civil action is appropriate.

## CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the District Court:

1. **DISMISS** this action without prejudice.

2. **DIRECT** the clerk of the court to close the case file.

At Panama City, Florida, this 9th day of October 2026.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## NOTICE TO THE PARTIES

**The District Court referred this case to a magistrate judge to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b); Fed R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the report and recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**